# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL DAY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.<br>) 18-10396-FDS |
| CHARLES GRACY and MARK GRACY, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

SAYLOR, J.

## I. Introduction

This action concerns the non-payment of loans by a non-profit community arts program. Plaintiff Michael Day loaned approximately $72,000 to the Community Theater Company of Andover, Inc., d/b/a ACT Andover. ACT Andover is a community theater organization operated by defendants Charles and Mark Gracy. The Gracys purportedly personally guaranteed the loans on behalf of ACT Andover. However, ACT Andover and the Gracys were unable to repay the bulk of the loans, precipitating this suit.

After discovery, the parties agreed to mediation and entered into a settlement agreement. Day has since moved for an order awarding certain attorney's fees and expenses, contending that the Gracys' failure to respond to his written discovery requests in a timely manner needlessly increased litigation costs. For the following reasons, the motion will be granted in part and denied in part.

## II. Background

On February 28, 2018, Day filed suit against the Gracys. The complaint asserted a variety of state-law claims, including fraud, breach of contract, promissory estoppel, and unjust enrichment. The Gracys moved to dismiss Count Eleven, which asserted a claim for violation of the Massachusetts consumer protection statute, Mass. Gen. Laws ch. 93A. The Court denied the motion on July 20, 2018.

On August 16, 2018, the Court entered a scheduling order directing the parties to complete fact discovery by January 18, 2019. On November 16, 2018, Day moved for sanctions against Charles Gracy for failing to appear at his deposition, which was scheduled for November 13, 2018. Simultaneously, Day also moved for partial summary judgment and to attach the property of the Gracys located in Haverhill, Massachusetts.

Approximately one month later, on December 13, 2018, the parties jointly moved to extend the deadline for fact discovery to February 28, 2019, so that the parties could pursue mediation. The joint motion further stipulated that the Gracys would respond to Day's written discovery requests by January 4, 2019, and that Day would withdraw his pending motions. The Court granted the joint motion and entered a revised scheduling order.

It is undisputed that the Gracys failed to respond to Day's written discovery requests by January 4, 2019. On January 12, 2019, Day filed renewed motions for partial summary judgment and to attach the Haverhill property. On February 9, 2019, Day moved to compel the Gracys to respond to his interrogatories and requests for document production within fourteen days. The magistrate judge granted the motion on March 1, 2019, but denied without prejudice the portion of the motion seeking costs until the conclusion of the case. The Gracys responded to the discovery requests on March 15, 2019, nearly two and a half months after the court-ordered

deadline.

At a motion hearing on April 17, 2019, the Court orally denied without prejudice Day's motions for partial summary judgment and to attach the Haverhill property.[1]  After mediation on May 13, 2019, the parties settled the matter.

Day has since moved for an award of costs and attorneys' fees.  It appears that the motion was brought pursuant to Fed. R. Civ. P. 37(a)(5).  He seeks a total of $5,460 in attorney's fees and $47 in expenses, which he contends were incurred because of defense counsel's failure to timely respond to his discovery requests.

### III.  Analysis

As a preliminary matter, Day may not bring his motion for attorney's fees under Fed. R. Civ. P. 54(d)(2) for two reasons.  First, Rule 54(d)(2) sets forth the procedure by which a "prevailing party" may recover attorney's fees.  However, the Supreme Court has made clear that absent explicit statutory authority, district courts are to follow "a general practice of not awarding fees."  *See Buckhannon Bd. and Care Home, Inc. v. W.Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001).  Day has not identified any statutory basis for this motion. Second, while settlement agreements enforced by court-ordered decrees may convey prevailing party status, most settlements do not.  *See id.* at 604-05 (interpreting the phrase "prevailing party" to require some form of judicial action that sanctions a change in the legal relationship of the parties, such as a judgment on the merits); *see also Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 102 (2d Cir. 2006).  Because the settlement in this matter is not set forth in a court-ordered decree or analogous judicial action, Day is not a "prevailing party" within the meaning of Rule

---

[1] The hearing was initially scheduled for March 20, 2019.  However, defense counsel had not yet filed his oppositions to plaintiff's motions, so the Court reset the hearing for April 17, 2019.

54(d)(2).

Instead, the only avenue for Day to recover his attorney's fees and costs is Rule 37, which provides that "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). If the motion is granted, the reviewing court may "require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). As noted, defendants failed to timely respond to plaintiff's written discovery requests, necessitating a motion to compel. Because the magistrate judge granted the motion to compel, Day is permitted to recover "reasonable expenses" related to that motion.

In the First Circuit, courts follow the so-called "lodestar" method for calculating reasonable attorneys' fees. *Tenn. Gas Pipeline Co. v. 104 Acres of Land*, 32 F.3d 632, 634 (1st Cir. 1994); *see also Hutchinson v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011). The lodestar method involves "multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In fashioning the lodestar, the first step is to calculate the number of hours reasonably expended by the attorneys for the prevailing party, excluding those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see also Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir. 1984) (explaining that a court should subtract "hours which [are] duplicative, unproductive, excessive, or otherwise unnecessary."). "[T]he court has a right—indeed, a duty—to see whether counsel substantially exceeded the bounds of reasonable effort." *United States v. Metro. Dist. Comm'n*, 847 F.2d 12, 17 (1st Cir. 1988) (internal quotation marks and citation omitted).

After determining the number of hours reasonably expended, the second step in calculating the lodestar requires a determination of a reasonable hourly rate—a determination that is benchmarked to the "prevailing rates in the community" for lawyers of like "qualifications, experience, and specialized competence." *See Gay Officers League v. Puerto Rico*, 247 F.3d 288, 295 (1st Cir. 2001). In determining a reasonable hourly rate, a court must consider "the type of work performed, who performed it, the expertise that it required, and when it was undertaken." *Grendel's Den*, 749 F.2d at 951. The moving party bears the burden of establishing an attorney's level of skill and experience, and when that party fails to provide documentation as to the attorney's qualifications, a court may reduce the hourly rate. *See, e.g., Martinez v. Hodgson*, 265 F. Supp. 2d 135, 142 (D. Mass. 2003).

After determining the reasonable number of hours and hourly rate, the court may adjust the lodestar upward or downward based on a number of factors. *Spooner v. EEN, Inc.*, 644 F.3d 62, 68 (1st Cir. 2011). Those factors include:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 177 n.7 (1st Cir. 2013) (quoting *Hensley*, 461 U.S. at 430 n.3).

Here, plaintiff seeks to recover a total of $5,460 in attorneys' fees (for 18.2 hours at a rate of $300 per hour) and $47 in costs. Those amounts are broken down as follows:

| **Attorney's Fees** | | | |
|---|---|---|---|
| **Date** | **Summary of Work** | **Hours** | **Subtotals** |
| 11/7/18 | Research for summary judgment | 1.0 | $300 |

| Date | Summary of Work | Hours | Subtotals |
|---|---|---|---|
| 11/8/18 | Draft motion for attachment | 0.5 | $150 |
| 11/14/18 | Draft motions for summary judgment and attachment | 3.5 | $1,050 |
| 1/10/19 | Draft renewed motions for summary judgment and attachment | 1.2 | $360 |
| 1/12/19 | Draft renewed motions for summary judgment and attachment | 1.0 | $300 |
| 2/9/19 | Draft and file motion to compel | 0.9 | $270 |
| 3/1/19 | Prepare for hearing on motion to compel | 1.3 | $390 |
| 3/1/19 | Attend hearing on motion to compel | 2.0 | $600 |
| 3/19/19 | Prepare for hearing on motions for summary judgment and attachment | 1.2 | $360 |
| 3/20/19 | Attend hearing on motions for summary judgment and attachment | 1.1 | $330 |
| 4/17/19 | Prepare for and attend hearing on motions for summary judgment and attachment | 2.5 | $750 |
| 5/28/19 | Draft fee petition | 2.0 | $600 |
| **Costs** | | | |
| Date | Summary of Work | Hours | Subtotals |
| 3/20/19 | Parking at Moakley Courthouse re: hearing on motions for summary judgment and attachment[2] | N/A | $28 |
| 4/17/19 | Lyft ride to Moakley Courthouse re: hearing on motions for summary judgment and attachment | N/A | $19 |

### A. <u>Fees for the Motions for Partial Summary Judgment and Attachment</u>

The Court declines to award fees for time expended on the motions for partial summary judgment and attachment of the Haverhill property. First, defendants did not violate the Court's scheduling order until January 4, 2019. Therefore, there is no basis for plaintiff to recover attorney's fees for the five hours of work done before that date.

Second, plaintiff seeks to recover attorney's fees for 2.2 hours of work done on January 10 and 12, 2019. That time was purportedly spent drafting renewed motions for partial summary

---

[2] Plaintiff's counsel's timesheet mistakenly lists March 20, 2019, as the date for the hearing on the motion to compel.

judgment and attachment, which were filed on January 12, 2019. However, as defendants note, the motions and supporting documents were virtually identical to the corresponding previous motions and supporting documents filed on November 16, 2018. Accordingly, the Court declines to award attorney's fees for time spent drafting the renewed motions.

Third, plaintiff seeks to recover fees for 4.8 hours of work done on March 19, March 20, and April 17, 2019. That time was spent preparing for and attending hearings on the motions for partial summary judgment and attachment. However, plaintiff has not explained why defendants' failure to timely respond to the written discovery requests caused his counsel to expend this time. As noted above, the motions were substantially already prepared in November 2018, several weeks before defendants violated the Court's scheduling order. And, in any event, the Court granted defendants' motion to withdraw and amend the admissions that served as the basis for the renewed motions. Therefore, the Court also declines to award attorney's fees for time expended on the motion hearings in question.[3]

**B.** **<u>Fees for the Motion to Compel</u>**

By contrast, the Court finds that an award of attorney's fees is appropriate for time spent on the motion to compel. Plaintiff's counsel billed 0.9 hours on February 9, 2019, for drafting the motion to compel. Defendants object that the motion to compel is substantially identical to a previous motion to compel filed on November 21, 2018. However, there were some substantial changes made to the motion—for example, plaintiff's counsel redrafted the facts section to reflect defendants' failure to comply with their discovery obligations. Plaintiff's counsel also shortened other sections of the motion and supporting memorandum. The Court finds that a

---

[3] For the same reasons, the Court will not award travel and parking costs incurred by plaintiff's counsel on March 20 and April 17, 2019.

7

reasonable amount of time expended on these tasks is 0.5 hours.

Plaintiff's counsel also billed 1.3 hours on March 1, 2019, to prepare for the hearing on the motion to compel, and two additional hours the same day to attend that hearing. Defendants only object to the former, contending that "counsel's expenditure of 1.3 hours to prepare for a hearing on an unopposed motion seems excessive." (Def. Opp. at 6). The Court disagrees with that characterization. It is true that defense counsel never filed a written opposition to the motion to compel. However, plaintiff's counsel could not have known whether defense counsel would nevertheless oppose the motion at the hearing itself, or the extent to which he would be questioned by the magistrate judge.[4] And, in any event, it is good practice for attorneys to prepare for motion hearings. Therefore, the Court will award fees for the full 3.3 hours billed on March 1, 2019.

### C. Time Spent Drafting the Petition for Fees

Finally, plaintiff requests that the Court award attorney's fees for the two hours spent drafting the present petition. Because the Court will not award fees for time spent on portions of the petition that were unsuccessful, it will limit plaintiff's recovery on the petition to one hour.

### D. Lodestar Calculation

Defendants do not contest plaintiff's counsel's billing rate of $300 per hour. Therefore, the Court will use that rate, which it also finds to be reasonable, in calculating the lodestar. The calculation of the lodestar is shown as follows:[5]

| Attorney's Fees | | | |
|---|---|---|---|
| Date | Summary of Work | Hours | Subtotals |
| 2/9/19 | Draft and file motion to compel | 0.5 | $150 |
| 3/1/19 | Prepare for hearing on motion to compel | 1.3 | $390 |

---

[4] Defense counsel did not attend the hearing on the motion to compel. (Groulx Aff. ¶ 14).

[5] The Court declines to further adjust the lodestar.

| 3/1/19 | Attend hearing on motion to compel | 2.0 | $600 |
|---|---|---|---|
| 5/28/19 | Draft fee petition | 1.0 | $300 |
| | | **TOTAL** | $1,440 |

## IV. Conclusion

For the foregoing reasons, the motion for attorneys' fees and costs is GRANTED in the amount of $1,440 in attorneys' fees and is otherwise DENIED.

**So Ordered.**

Dated: August 8, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge